# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| ALBERT WILLIAMS, JR., | : |
| Plaintiff, | : |
| VS. | : |
| | : 7 : 07-CV-138 (HL) |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

## RECOMMENDATION

This Social Security appeal was transferred into this District on March 29, 2007 from the District of Ohio, inasmuch as the Plaintiff presently resides in the Thomasville Division of the Middle District of Georgia. (Doc. 1). The Plaintiff originally filed this Social Security appeal on September 20, 2006, challenging the Commissioner's final decision denying his application for disability benefits, finding him not disabled within the meaning of the Social Security Act and Regulations. *Id.* Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the

conclusion at issue. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

Under the regulations, the Commissioner evaluates a disability claim by means of a five-step sequential evaluation process. 20 C.F.R. § 404.1520. In Step One, the Commissioner determines whether the claimant is working. In Step Two, the Commissioner determines whether a claimant suffers from a severe impairment which significantly limits his ability to carry out basic work activities. At Step Three, the Commissioner evaluates whether the claimant's impairment(s) meet or equal a listed impairment in Appendix 1 of Part 404 of the regulations. At Step Four, the Commissioner determines whether the claimant's residual functional capacity will allow a return to past relevant work. Finally, at Step Five, the Commissioner determines whether the claimant's residual functional capacity, age, education, and work experience allow an adjustment to other work.

*Administrative Proceedings*

The Plaintiff filed applications for disability insurance benefits and Supplemental Security Income benefits on February 14, 2002. (T - 22). His claims were denied initially and upon reconsideration. (T - 23-32). A hearing was held before an ALJ in Cleveland, Ohio on January 6, 2005, where the Plaintiff appeared *pro se*. (T - 368-371). Thereafter, in a hearing decision dated

September 2, 2005, the ALJ determined that the Plaintiff was not disabled. (T - 11-21). The Appeals Council denied Plaintiff's request for review, making the September 2, 2005, decision the final decision of the Commissioner. ( T - 7-9).

*Statement of Facts and Evidence*

The Plaintiff was 49 years of age at the time of the Commissioner's final decision. (T - 19). He has an eighth grade education and past relevant work experience as a painter and maintenance worker. *Id.* As determined by the ALJ, Plaintiff suffers from severe impairments in the form of a history of back injury and arthritis in the lower back, as well as depression and a personality disorder. (T - 20). Plaintiff asserts that he became unable to work as of September 12, 2001, due to a back injury, pain, an eye problem, arthritis in his back and depression. (T - 15). The ALJ found that the Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, but could not return to his past relevant work. (T - 19). After receiving vocational expert testimony, the ALJ determined that there were jobs that existed in significant numbers in the national economy which the Plaintiff could perform, and he was thus not disabled. (T - 20).

## DISCUSSION

*Treating physicians' opinions*

The Plaintiff argues that the ALJ did not properly consider evidence from treating and examining physicians. Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner." "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 404.1527(e)(1). Good cause to discount the

3

opinion of a physician has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted). As the *Lewis* court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition." *Id.*

Herein, in regard to the opinions of treating and examining physicians, the ALJ

> considered the opinions of the State Agency physicians and psychologists who reviewed this matter . . . [and] has placed some weight on these opinions.
>
> The [ALJ] considered the opinion of Karl Willers, Ph.D., who stated in May of 2005 that the claimant has poor ability to perform many tasks including understanding complex job instructions, demonstrate reliability, follow work rules, relate to co-workers, deal with the public, interact with supervisors, and deal with work stresses. The [ALJ] notes that Dr. Willers does not indicate that the claimant has no ability to perform any tasks, although the form does permit him to express such an opinion. The [ALJ] has placed some weight on this opinion and included limitations in the residual functional capacity based in part on this evidence.
>
> The [ALJ] considered the opinion of Sujatak Khosla, M.D., who stated in March 2003 that the claimant is able to stand for two to three hours per work day, could lift and carry a maximum of twenty pounds, and had moderate limitation in his ability to bend. The [ALJ] has placed some weight on this opinion.
>
> Laura Garlisi, M.D., stated in March 2003 that it was her understanding that the claimant was believed to be unemployable when he was hospitalized in December 2002. She stated that she considered him to be unemployable. The undersigned is unable to place significant weight on this opinion. Dr. Garlisi's opinion is premised on the mistaken belief that the claimant was considered unemployable by others. In fact, the record indicates that when the claimant was discharged on January 3, 2003, he was "thought to be employable". Additionally, the record does not contain objective findings to support the degree of limitation

4

>    identified by Dr. Garlisi.

>    (T - 18).

Thus, the ALJ specifically considered the individual opinions issued by Plaintiff's treating and examining sources and assigned weight to these opinions accordingly. There is no indication of any error in the ALJ's discussion or decision regarding the opinions of treating and examining physicians. The ALJ properly found that certain portions of the opinions issued by the Plaintiff's treating and examining physicians were entitled to less weight, based on consideration of the entire record and the support, or lack thereof, for these opinions in the objective medical record. The ALJ provided specific analysis of the opinions issued by Plaintiff's various physicians, including Dr. Willers, Dr. Khosla, and Dr. Garlisi, and concluded that their opinions were entitled to a considerable amount of weight, unless contradicted or unsupported by the objective medical record. As found by the ALJ, to the extent that Dr. Garlisi issued an opinion that the Plaintiff was not employable, a conclusion reserved to the Commissioner, Dr. Garlisi appeared to rely on prior findings regarding Plaintiff's employability and did not make independent objective findings to support such a conclusion. (T - 18, 318-20). The ALJ's determination regarding the consideration and appropriate weight for each physician's opinion is supported by substantial evidence.

*Credibility determination*

The Plaintiff also argues that the ALJ failed to properly assess his credibility. If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992); *Hand v. Heckler*, 761 F.2d 1545 (11th Cir.

5

1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability. 20 C.F.R. § 404.1529(a). Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c). The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(4). If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff can be deemed disabled. However, if the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true. *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988). Social Security Ruling 96-7p sets out the proper procedure for evaluation of an individual's credibility, and clarifies when the evaluation of symptoms, including pain, requires a finding about the credibility of an individual's statements. In evaluating credibility, the adjudicator may look to factors including but not limited to: 1) the medical signs and laboratory findings and statements issued by treating or examining physicians; 2) the claimant's history and treatment; 3) the claimant's prior work record and efforts to work; 4) the claimant's daily activities. SSR 96-7p, 20 CFR 404.1529 (July 2, 1996).

A review of the ALJ's decision and the objective medical record reveals that the ALJ properly evaluated the medical record as a whole in accordance with Social Security Ruling 96-7p and properly provided specific reasons for discrediting the Plaintiff's subjective complaints, including the "fairly active" lifestyle to which the Plaintiff testified involving recent travel by bus to visit his mother, walking his dog, and household chores. (T - 18). The ALJ also pointed to the lack of credibility in Plaintiff's testimony regarding his inability to work, although he was reported to have

6

been looking for work in January 2002, as well as to Plaintiff's discontinuation of medication against medical advice. *Id.* Thus, the ALJ provided specific reasons, supported by the objective record, for discrediting Plaintiff's testimony regarding his subjective symptoms and ability to function on a daily basis. The ALJ's conclusions in this regard are supported by substantial evidence.

*Development of the record*

Finally, the Plaintiff alleges that the ALJ failed to fully develop the record, especially in light of Plaintiff's *pro se* status. The ALJ is charged with the duty of developing a full and fair record, meaning that the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts". *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

The Court finds that the record was developed sufficiently to determine whether the ALJ's decision was supported by substantial evidence. The record shows that the Plaintiff voluntarily waived his right to counsel and there has been no showing of prejudice to the Plaintiff by virtue of his lack of legal representation, such that further development of the record would be required. (T - 375); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (unrepresented claimant must make a clear showing of prejudice before a due process violation occurs that would require remand for further development of the record).

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN

7

FOURTEEN (14) DAYS after being served with a copy of this recommendation.

**SO RECOMMENDED**, this 27th day of August, 2010.

                                                    **S/ *THOMAS Q. LANGSTAFF***
                                                  **UNITED STATES MAGISTRATE JUDGE**

asb